Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BOY RACER, INC., | Case No. C-11-02536 JCS |
| Plaintiff, | Hon. Joseph C. Spero |
| v. | **RESPONSE OF PLAINTIFF BOY RACER, INC., TO ORDER TO SHOW CAUSE RE: IMPROPER JOINDER** |
| DOES 1–98, | |
| Defendants. | |

**TABLE OF CONTENTS**

INTRODUCTION AND PROCEDURAL HISTORY ........................................................................ 1

LEGAL STANDARD .............................................................................................................. 2

    I.   PERMISSIVE JOINDER ................................................................................................. 2

    II.  REMEDY FOR MISJOINDER ........................................................................................ 3

ARGUMENT ............................................................................................................................ 4

    I.   SEVERANCE IS NOT APPROPRIATE WHEN THE NUMBER OF ACTUAL DOE
DEFENDANTS IS UNKNOWN TO BOTH THE COURT AND TO PLAINTIFF ................. 5

       A.  The number of actual Doe Defendants is presently unknown to both the Court and to
Plaintiff. ........................................................................................................................ 5

       B.  Severance prior to identification of the Doe Defendants would separate an essentially
unitary problem, would prejudice Plaintiff's ability to vindicate its legal rights, and
would raise litigation costs for both Plaintiff and Defendants............................................ 7

    II.  MANY OF THE OPINIONS WHICH THE COURT FOUND PERSUASIVE HAVE
SINCE BEEN RECONSIDERED OR LACK SUBSTANTIAL WEIGHT ............................. 9

    III. THE COURT'S DISCRETIONARY CONCERNS ARE PROSPECTIVE AT THIS
EARLY STAGE OF THE LITIGATION, AND MAY BE AVOIDED THROUGH
RULE 21 SEVERANCE AFTER DOE DEFENDANTS HAVE BEEN IDENTIFIED ........ 11

CONCLUSION........................................................................................................................ 14

# TABLE OF AUTHORITIES

**Cases**

*Call of the Wild Movie, LLC v. Does 1–1,062*, No. 10-455, 2011 WL 996786 (D.D.C. Mar. 22, 2011) .................................................................................................................. 8, 9, 12
*Coleman v. Quaker Oats Company*, 232 F.3d 1271 (9th Cir. 2000) ........................................ 3
*Diabolic Video Prods., Inc. v. Does 1–2,099*, No. 10-5865 PSG, 2011 WL 3100404 (N.D. Cal. May 31, 2011) ........................................................................................................ 10
*First Time Videos, LLC v. Does 1–500*, No. 10 C 6254, 2011 WL 3498227 (N.D. Ill. Aug. 9, 2011) ............................................................................................................... 8, 9, 12, 13
*Hard Drive Prods., Inc. v. Does 1–188*, No. C-11-01566 (N.D. Cal. Aug. 23, 2011), ECF No. 26 (Spero, J.) .................................................................................................... passim
*Hard Drive Prods., Inc. v. Does 1–42*, No. C-11-01956 EDL (N.D. Cal. July 14, 2011) ................. 11
*Hard Drive Prods., Inc. v. Does 1–69*, C-11-03004, (N.D. Cal. Aug. 25, 2011), ECF Nos. 12–13 .................................................................................................................................. 6
*League to Save Lake Tahoe v. Tahoe Reg. Plan. Agcy.*, 558 F.2d 914 (9th Cir. 1977) ........................ 3
*London-Sire Records v. Doe 1*, 542 F. Supp. 2d 153 (D. Mass 2008) ........................................ 9
*Millennium TGA, Inc. v. Does 1–21*, No. 11-2258 SC, 2011 WL 1812786 (N.D. Cal. May 12, 2011), ECF No. 8 .......................................................................................................... 11
*Moore v. New York Cotton Exchange*, 270 U.S. 593 (1926) ........................................................ 3
*Mosley v. Gen. Motors Corp.*, 497 F.2d 1330 (8th Cir. 1974) ..................................................... 3
*Pacific Century Int'l, Ltd. v. Does 1–101*, No. C-11-02533 DMR, 2011 WL 2690142 (N.D. Cal. July 8, 2011), ECF No. 7 ...................................................................................... 10
*SEC v. Leslie*, No. C 07-3444, 2010 WL 2991038 (N.D. Cal. July 29, 2010) ............................ 7
*Spencer, White & Prentis, Inc. v. Pfizer, Inc.*, 498 F.2d 358 (2d Cir. 1974) ............................. 7
*Stanley Works v. Haeger Potteries, Inc.*, 35 F.R.D. 551 (N.D. Ill. 1964) ................................ 4
*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966) ................................................ 3, 5
*Zaldana v. KB Home*, C 08-3399, 2010 WL 4313777 (N.D. Cal. Oct. 26, 2010) ...................... 7

**Other Authorities**

Charles E. Clark, *Special Problems in Drafting and Interpreting Procedural Codes & Rules*, 3 Vand. L. Rev. 493 (1950) .................................................................................... 4

**Rules**

Fed. R. Civ. P. 20 ............................................................................................................................ 3
Fed. R. Civ. P. 21 ..................................................................................................................... 4, 17

**Treatises**

Wright & Miller, *Federal Practice and Procedure*: Civil § 1653 .................................................. 3

**PLAINTIFF'S BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE RE: JOINDER**

On August 25, 2011, the Court denied the application of Plaintiff Boy Racer, Inc. for leave to take limited expedited discovery as to the identities of the Doe Defendants, except as to Doe 1. (ECF No. 11.) The Court also ordered Plaintiff to show cause why the Court should not sever all but Doe 1 from this action and dismiss without prejudice the claims against all of the Doe Defendants but Doe 1. (*Id.*) The Court made its decision on the basis of reasons it stated in *Hard Drive Productions, Inc. v. Does 1–188*, No. 11-1566 JCS (N.D. Cal. Aug. 25, 2011), ECF No. 26. (*See id.*). This brief demonstrates why the Court's declared position on joinder and expedited discovery in BitTorrent-based Internet copyright infringement actions should be reconsidered—just as many of the opinions in this area issuing from other courts in the Northern District of California have been reconsidered or clarified.

Allowing joinder of Doe Defendants, at least until they are identified by their true names, is consistent with the Federal Rules of Civil Procedure, but is more importantly the only pragmatic way to manage the claims of litigants like Plaintiff against a flood of copyright infringement. This action cannot be separated from the context in which it was filed—a world in which hundreds if not thousands of potential defendants exist at this moment, who are ready and able to connect to a network of law-breaking anonymous users circulating Plaintiff's copyrighted works for free without permission on their computers. This veritable onslaught of infringing activity that Plaintiff and other content producers are facing will persist so long as potential defendants believe that Plaintiff's ability to vindicate its rights through the federal courts will be so limited by harsh procedural strictures as to make the benefits of infringement far outweigh the risk of an actual judgment against a given individual. Allowing joinder at this stage of the litigation is consistent with the liberal, discretionary joinder standards.

**INTRODUCTION AND PROCEDURAL HISTORY**

Plaintiff Boy Racer, Inc. filed this action out of necessity—to stop presently-anonymous Defendants from reproducing and distributing to others over the Internet unauthorized copies of its unique content, and to pursue monetary damages against Defendants. Through misuse of the BitTorrent "peer-to-peer" (hereinafter "P2P") file "swapping" network, Defendants and untold

others have been able to unlawfully obtain and distribute for free and without Plaintiff's permission the copyrighted Works that Plaintiff has invested substantial sums of money to create. Plaintiffs are suing Defendants as Doe Defendants because the Defendants committed their infringement under the cover of Internet Protocol ("IP") addresses, as opposed to using their actual names. Plaintiff identified Doe Defendants' IP addresses (as well as other pertinent information), and attached this list to the Complaint as Exhibit A.

Plaintiff sought leave of Court to serve *limited* discovery prior to a Rule 26(f) conference on several enumerated non-party Internet Service Providers ("ISPs") *solely* to determine the true identities of the Doe Defendants that Plaintiff intends to prove are liable for copyright infringement during the course of this litigation. Plaintiff can only determine Doe Defendants' actual names by first requesting the subscriber information linked to the IP addresses on Exhibit A to the Complaint from the respective ISPs; this is a necessary step in identifying the actual Doe Defendants that accessed the network and unlawfully downloaded Plaintiff's copyrighted works. This information is readily available to the ISPs from documents they keep in the regular course of business, and getting it is of minimal effort to them.

On August 25, 2011, the Court denied the application of Plaintiff Boy Racer, Inc. for leave to take limited expedited discovery as to the identities of the Doe Defendants, except as to Doe 1. (ECF No. 11.) The Court also ordered Plaintiff to show cause why the Court should not sever all but Doe 1 from this action and dismiss without prejudice the claims against all of the Doe Defendants but Doe 1. (*Id.*) The Court made its decision on the basis of reasons it stated in *Hard Drive Productions v. Does 1–188*, No. 11-1566 JCS (N.D. Cal. Aug. 25, 2011), ECF No. 26. (*See id.*) Plaintiff now submits this brief in response.

## **LEGAL STANDARD**

**I.  PERMISSIVE JOINDER**

Rule 20(a)(2) of the Federal Rules of Civil Procedure ("FRCP") permits the joinder of defendants in one action if: 1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions

or occurrences; and 2) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2).

To aid in their application of the "transaction or occurrence test," courts look to how the test is applied in other provisions of the Federal Rules, such as Rule 13(a). *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332-33 (8th Cir. 1974). The Supreme Court has stated that a "transaction," as used in Rule 13(a), "may comprehend a series of many occurrences, depending not so much upon the immediateness of their own connection as upon their logical relationship." *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926). Accordingly, "Rule 20 would permit all reasonably related claims by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." *Mosley*, 497 F.2d at 1333. The second prong of Rule 20(b) is satisfied if "some question of law or fact common to all the parties will arise in the action." *League to Save Lake Tahoe v. Tahoe Reg. Plan. Agcy.*, 558 F.2d 914 (9th Cir. 1977) (citing Wright & Miller, *Federal Practice and Procedure*: Civil § 1653). After evaluating the Rule 20(a)(2) requirements, "a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." *Coleman v. Quaker Oats Company*, 232 F.3d 1271, 1296 (9th Cir. 2000).

In deciding whether to allow joinder at a particular stage of the litigation, the joinder rules are "to be construed liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe*, 558 F.2d at 917. "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). The purpose of the joinder rules is, *inter alia*, to "avoid multiplicity of suits." *Stanley Works v. Haeger Potteries, Inc.*, 35 F.R.D. 551, 554 (N.D. Ill. 1964).

## II. REMEDY FOR MISJOINDER

Rule 21 of the FRCP provides that misjoinder or nonjoinder of parties is not a ground for dismissal of an action, and instead vests courts with a broad discretionary power to act *sua sponte* to

3

sever claims and parties: "On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

# ARGUMENT

> Unfortunately by a kind of Gresham's Law, the bad, or harsh, procedural decisions drive out the good, so that in time a rule becomes entirely obscured by its interpretive barnacles.
>
> Charles E. Clark, *Special Problems in Drafting and Interpreting Procedural Codes & Rules*, 3 Vand. L. Rev. 493, 498 (1950).[1]

This observation by Judge Clark remains relevant after sixty-one years. It still remains to be seen whether "harsh" procedural decisions will redefine the Federal Rules of Civil Procedure away from the pragmatic and liberal ideals that influenced their drafting. Although it is to be expected that a lawsuit involving contemporary technology will raise novel factual issues, the true issue presently before the Court is a procedural one—and in interpreting procedural rules such as those regarding joinder, the Court should consider the broader effect that a given interpretation will have upon the purpose and function of the federal courts. It has become apparent that some courts in this District are hesitant to grant expedited discovery to plaintiffs as to all Doe defendants listed in a BitTorrent-based Internet copyright infringement lawsuit. While courts all over the country seem to agree that plaintiffs in like scenarios are entitled to such expedited discovery requests, a small handful of courts —most of which are found in this District—do not believe that such discovery is appropriate.

In light of the declared position of this Court, Plaintiff provides the following discussion of why joinder is appropriate in the context of a lawsuit against copyright infringers who used the BitTorrent protocol to reproduce and distribute Plaintiff's Works for free and without permission— and who presently remain anonymous. Specifically, Plaintiff would show the Court that the number of actual Doe Defendants is presently unknown to both the Court and to Plaintiff, and that severance in this context would constitute an illogical application of the Federal Rules which does not serve justice but rather can only succeed in frustrating Plaintiff's ability to vindicate its legal rights. Plaintiff would further show the Court that the opinions which it described as "persuasive" in *Hard*

---

[1] Charles E. Clark, chief drafter of the Federal Rules of Civil Procedure, served on the United States Court of Appeals for the Second Circuit from 1939 to 1963, including service as Chief Judge from 1954 to 1959.

*Drive Productions v. Does 1–188* have since been reconsidered or clarified (or, in the case of *Diabolic Video Productions*, included a disclaimer admitting confusion and limiting the intended weight of the opinion) to allow joinder during the identification stage of similar litigation. Finally, Plaintiff would show the Court that its discretionary concerns do not merit immediate severance, but rather weigh in favor of allowing joinder at this stage of the litigation even if the Court believes that severance may likely be necessary or appropriate at a later stage. Allowing joinder during the identification stage of this litigation is the only pragmatic way for the Court to safeguard the rights of all parties, including Plaintiff. The liberal ethos of the Federal Rules of Civil Procedure, and the concomitant historical emphasis within the federal courts on allowing plaintiffs to efficiently and effectively litigate the substantive merits of their claimed rights, cannot be squared with a "harsh" decision as applied to Plaintiff's admittedly novel situation.

I. **SEVERANCE IS NOT APPROPRIATE WHEN THE NUMBER OF ACTUAL DOE DEFENDANTS IS UNKNOWN TO BOTH THE COURT AND TO PLAINTIFF**

The Court should decline to exercise its power to sever the Doe Defendants at this time because neither the Court nor Plaintiff can presently know how many Doe Defendants truly exist. Therefore, not only is allowing joinder at this stage of the litigation consistent with the Federal Rules, but in fact severance at this stage of the litigation would constitute an illogical application of those rules which would raise the expense of litigation for both Plaintiff and Defendants and prejudice Plaintiff's ability to protect its substantive rights. Under the Federal Rules, "the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). Joinder is strongly encouraged because it promotes judicial economy. It inherently allows parties to join, *inter alia*, related parties and have common issues of law and fact decided for all of the parties in a single decision.

    A. **The number of actual Doe Defendants is presently unknown to both the Court and to Plaintiff.**

At this stage of the litigation, Plaintiff has identified the IP addresses through and under the cover of which infringing activity occurred, and listed those IP addresses in Exhibit A to its

Complaint. However, as Plaintiff will show in this section, the number of actual individuals targeted by Plaintiff's claims is presently unknown. Moreover, this cannot possibly be known unless and until Plaintiff is allowed to take the necessary steps to identify Doe Defendants through early discovery.

A pair of motions in a comparable copyright infringement case provide a classic illustration of the unpredictable facts that may arise in the course of the early Doe identification process. In that case, two motions were brought on behalf of two different IP addresses, but both motions and IP addresses actually were associated with the *same individual*. *See Hard Drive Prods., Inc. v. Does 1–69*, C-11-03004, (N.D. Cal. Aug. 25, 2011), ECF Nos. 12–13. Even though those two motions were brought on behalf of two different IP addresses, both motions and IP addresses actually belonged to a single individual. *See id.*

Multiple IP addresses (and thus multiple alleged Doe defendants) are frequently associated with a single individual. This happens when an individual's modem is reset. Each time it is reset, the individual subscriber is assigned a different IP address. If, for instance, the individual is in the swarm containing the unique file with Plaintiff's video, and then his cable modem is reset, he will still remain in the same swarm with the same unique file, but he will simply appear under the cover of a newly-assigned IP address.

By way of another example, in a case filed in the Northern District of Illinois against 28 Doe defendants, *each* of the IP addresses listed in the complaint was, in fact, associated with the *same* individual. *See* PL.'s Notice of Dismissal With Prejudice, *First Time Videos, LLC v. Does 1-28*, No. 1:11-cv-2982 (N.D. Ill. Sept. 26, 2011), ECF No. 15. Had that court severed the case before the plaintiff had completed early discovery, the plaintiff would have unwittingly filed 28 *separate* copyright infringement actions against the *same* anonymous individual. This would have entailed 28 separate filing fees, complaints, civil cover sheets, attorney appearance forms, corporate disclosure statements, motions for expedited discovery, memoranda of law in support thereof, declarations, proposed orders, motion hearings and subpoenas. The responding Doe defendant would have received 28 separate ISP notification letters, would have had to file 28 separate motions to quash and answer 28 separate complaints—lest he be subject to a default judgment. The 28 separate actions

could have been before all of the judges in the Eastern Division of the Northern District of Illinois and would almost certainly have received some level of inconsistent treatment. No plausible argument can be made that severance would have been appropriate in this real world example. The same is true here, where the same situation cannot be excluded from the realm of likelihood.

> **B. Severance prior to identification of the Doe Defendants would separate an essentially unitary problem, would prejudice Plaintiff's ability to vindicate its legal rights, and would raise litigation costs for both Plaintiff and Defendants.**

While joinder rules are ultimately discretionary in nature, this discretion is not without limit. According to the Second Circuit, "an attempt to separate an essentially unitary problem is an abuse of discretion." *Spencer, White & Prentis, Inc. v. Pfizer, Inc.*, 498 F.2d 358, 362 (2d Cir. 1974) (emphasis added); *see also SEC v. Leslie*, No. C 07-3444, 2010 WL 2991038 at *4 (N.D. Cal. July 29, 2010) (citing the abuse of discretion standard set forth in *Spencer, White & Prentis, Inc.*); *Zaldana v. KB Home*, C 08-3399, 2010 WL 4313777, at *1 (N.D. Cal. Oct. 26, 2010). Here, where the identity and number of actual Doe Defendants that have violated Plaintiff's substantive rights are presently unknown, immediate severance of the parties may sever an identical claim against an identical individual—the purest imaginable form of a unitary problem.

The Honorable Judge Howell of the United States District Court for the District of Columbia presciently anticipated the multiple IP address-per-individual scenario outlined above. Judge Howell reasoned that severance would be especially contrary to the interests of any individuals who have been named as Doe Defendants multiple times in the same suit for multiple observed instances of infringing activity:

> [S]ome IP addresses may relate to the same person, who is engaged in the allegedly infringing activity claimed by plaintiffs. Severance of the putative defendants associated with different IP addresses may subject the same [ISP] customer to multiple suits for different instances of allegedly infringing activity and, thus, would not be in the interests of the putative defendants.

*Call of the Wild Movie, LLC v. Does 1–1,062*, No. 10-455, 2011 WL 996786, at *6 (D.D.C. Mar. 22, 2011).

Just as personal jurisdiction analysis is premature when the Court does not know a defendant's identity—and thus cannot know whose contacts with the forum jurisdiction need be evaluated—so too is it premature at the identification stage of litigation to sever unidentified parties. Without knowing who the parties are (i.e., whether a given individual is associated with some or all of the IP addresses in a complaint), a court cannot know whether it is severing identical claims against the same individual. Moreover, the unfortunate individual who is severed multiple times from the same action as a result of premature severance would face multiple claims, multiple lawsuits and a much higher overall litigation burden than would have occurred had a court deferred the severance question merely until the plaintiff received identifying information from the ISP(s).

If the Court interprets the Federal Rules to require severance at this stage of the litigation, the end result will be to heighten the potential and/or actual burden of unnecessary litigation expenses on both Plaintiff and the presently-anonymous Defendants. Small business copyright holders, such as Plaintiff, would literally have no realistic means of economically enforcing their copyrights against BitTorrent-based Internet infringement if misjoinder decisions forced them into a judicially-imposed game of Russian Roulette (i.e. being required to pay separate filing fees to institute separate cases against each identified IP address, and hoping that the IP addresses pursued are not associated with the same underlying individual). *First Time Videos, LLC v. Does 1–500*, No. 10 C 6254, 2011 WL 3498227, at *11 (N.D. Ill. Aug. 9, 2011) (Castillo, J.) (finding that the plaintiff would be prejudiced if severance were granted because the "multiplication of expense" on filing fees and litigation would be too great a hindrance on its ability to protect its legal rights); *Call of the Wild Movie*, 2011 WL 996786, at *4–7 ("[S]everance would debilitate the plaintiffs' efforts to protect their copyrighted materials and seek redress . . . .").

A severance decision here would similarly raise the burden of litigation expense on the actual Doe Defendants. Many of the Doe Defendants would likely prefer joinder at the early stage of the litigation. For one thing, as a pragmatic matter Plaintiff would be more easily satisfied with lower settlement sums recovered from infringers when its own litigation costs are lower because it is not forced into needlessly suing the same individual(s) multiple times for identical claims. Doe

8

Defendants nationwide have learned this lesson the hard way. And, as discussed above, in the likely scenario that a single individual is named in multiple suits, that individual would have his litigation costs similarly multiplied. But furthermore, Doe Defendants benefit in other ways from joinder at the identification stage of litigation—for example, by being able to observe the conduct and strategy of other Doe Defendants. *First Time Videos, LLC v. Does 1–500*, 2011 WL 3498227, at *11 (citing *London-Sire Records v. Doe 1*, 542 F. Supp. 2d 153, 161 (D. Mass 2008) ("[J]oined defendants enjoy the benefit of seeing what defenses, if any, other defendants may assert to avoid liability."); *see also Call of the Wild Movie*, 2011 WL 996786, at *4–7 ("The putative defendants are not prejudiced but likely benefited by joinder . . . ."). Severance now would deprive the Doe Defendants of these benefits and would necessarily raise their immediate expenses—even if the opposite would be true later in the litigation.

A severance decision at this stage of the litigation—before the identities or even the number of the Doe Defendants are known—would be an illogical and unworkable application of the Federal Rules. It would multiply the expense of litigation for both Plaintiff and Defendants. It would prejudice Plaintiff's efforts to vindicate its substantive legal rights. Most importantly, immediate severance would necessarily involve a likelihood that this Court would be severing multiple identical claims against an identical individual. The identification of the actual Doe Defendants must be regarded as a unique stage of the litigation which constitutes a unitary problem, even if later stages of this litigation would be more pragmatically handled through separate cases.

## II. MANY OF THE OPINIONS WHICH THE COURT FOUND PERSUASIVE HAVE SINCE BEEN RECONSIDERED OR LACK SUBSTANTIAL WEIGHT

The Court announced its opinion on joinder in BitTorrent litigation in *Hard Drive Productions, Inc. v. Does 1–188*, No. C-11-01566 (N.D. Cal. Aug. 23, 2011), ECF No. 26 (Spero, J.), and the Court's Order to Show Cause here was supported solely by the reasons given in that decision. The Court wrote in *Hard Drive Productions, Inc. v. Does 1–188* that it "finds the reasoning in *Boy Racer* and *Diabolic Video Productions*, *Pacific Century International*, and *Millennium TGA* persuasive." No. C-11-01566, at 18 (N.D. Cal. Aug. 23, 2011), ECF No. 26. Because these opinions,

issued from three other courts in the Northern District of California, were instrumental to the result in this Court's own opinion, Plaintiff would show the Court that two of these same courts later reconsidered their decisions and allowed joinder at the identification stage of litigation. The last of these courts announced its limited technical understanding of the issues in BitTorrent-based litigation, a disclaimer clearly intended to limit the precedential impact of its decisions.

The Honorable Judge Grewal's opinions in *Diabolic Video Productions, Inc. v. Does 1–2,099* and in *Boy Racer* should be read as having limited precedential impact, because Judge Grewal made clear that his opinion in *Diabolic* was tentative and based upon a limited technical understanding of the issues. Judge Grewal was refreshingly honest, concluding his order by announcing that "the court is limited in its technical understanding"—admitting, in effect, that future reconsideration of the propriety of joinder might be appropriate in a less extreme case.[2]

The Honorable Judge Ryu's opinion in *Pacific Century International, Ltd. v. Does 1–101*, No. C-11-02533 DMR, 2011 WL 2690142 (N.D. Cal. July 8, 2011), ECF No. 7, may seem as though it "reached a similar result," but this brusque summary ignores the subsequent procedural history. *Hard Drive Prods., Inc. v. Does 1–188*, No. C-11-01566, at 15. Following that opinion, the plaintiff in that case asked for leave to file amended pleadings addressing Judge Ryu's concerns. *See Pacific Century Int'l, Ltd.*, ECF No. 8. Judge Ryu ordered supplemental information to be submitted for clarification (*see id.*, ECF No. 11), which plaintiff provided (*see id.*, ECF No. 13), and Judge Ryu ultimately granted leave to file amended pleadings which re-named all of the previously severed Doe Defendants. *See id.*, ECF Nos. 20, 21. In other words, an opinion which the Court read as unambiguously supporting severance has been reconsidered over the course of months.

The Honorable Judge Conti also reconsidered and reversed his opinion in *Millennium TGA, Inc. v. Does 1–21*, No. 11-2258 SC, 2011 WL 1812786 (N.D. Cal. May 12, 2011), ECF No. 8. After finding joinder to be improper in that decision, the plaintiff submitted a First Amended Complaint (*see id.*, ECF No. 9), as well as a revised *ex parte* application for leave to take early discovery (*see*

---

[2] *Diabolic Video Prods., Inc. v. Does 1–2,099*, No. 10-5865 PSG, 2011 WL 3100404, at *3–4 (N.D. Cal. May 31, 2011). In the previous sentence, Judge Grewal notes with apparent shock that "Diabolic proposes to join not merely dozens, but thousands, of defendants in a single action." *Id.*

10
BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE    CASE NO. 11-2536 JCS

*id.*, ECF No. 10), and the result was a clear-cut reversal of the court's previous decision. In a new Order *Granting* Request For Leave to Take Early Discovery, issued on July 22, 2011, Judge Conti found that the plaintiff had cured the previously-identified deficiencies in its filings by specifically alleging the Doe defendants' participation in a single swarm—an allegation which Judge Conti found "plausible in light of the level of detail provided by the Hansmeier declaration . . . ." *Id.*, ECF No. 14. In other words, Judge Conti reconsidered his prior decision and reversed it in an even more clear-cut manner than did Judge Ryu.

It is important to recognize that the judicial approach to joinder in BitTorrent-based Internet copyright infringement cases within the Northern District of California is still developing. Seemingly clear-cut opinions, such as those by Judge Ryu and Judge Conti in *Pacific Century International* and *Millennium TGA*, respectively, have been reconsidered and effectively reversed.[3] Other opinions, such as those of Judge Grewal, were based on admittedly limited technical knowledge and should be viewed and weighed accordingly. Considering that the Court's opinion in *Hard Drive Productions, Inc. v. Does 1–188* was based in large part on a finding that opinions by these three courts were persuasive, this Court should be similarly willing to reconsider its reasoning where, as here, the circumstances warrant flexibility at this preliminary stage of the litigation.

### III. THE COURT'S DISCRETIONARY CONCERNS ARE PROSPECTIVE AT THIS EARLY STAGE OF THE LITIGATION, AND MAY BE AVOIDED THROUGH RULE 21 SEVERANCE AFTER DOE DEFENDANTS HAVE BEEN IDENTIFIED

The Court cites a number of discretionary concerns in its opinion in *Hard Drive Productions, Inc. v. Does 1–188*. This is in direct contrast to other courts, which have found that at this stage of the litigation—where Plaintiff is simply seeking the identities of individuals associated with IP addresses—joinder is not only consistent with principles of fundamental fairness, but actually promotes the same. *E.g.*, *First Time Videos*, 2011 WL 3498227, at *11 ("[J]oinder at this stage is consistent with fairness to the parties and in the interest of convenience and judicial economy

---

[3] For another example, see *Hard Drive Prods., Inc. v. Does 1–42*, No. C-11-01956 EDL (N.D. Cal. July 14, 2011), ECF Nos. 8 & 14. After denying applications for early discovery twice, the Honorable Judge Laporte later determined that joinder of the parties was appropriate and granted *ex parte* discovery without severing any parties from the case. *See id.*, ECF No. 20.

1 because joinder will secure the just, speedy, and inexpensive conclusion for both FTV and any future named defendants . . . . [Severance would] make it highly unlikely that FTV could protect its copyrights in a cost-effective manner."); *Call of the Wild Movie*, 2011 WL 996786, at *4–7 ("Joinder will avoid prejudice and needless delay for the only party currently in the case, namely the plaintiff, and promote judicial economy. . . . The putative defendants are not prejudiced but likely benefited by joinder, and severance would debilitate the plaintiffs' efforts to protect their copyrighted materials and seek redress . . . ."). The difference is that this Court's concerns disregard the inherent power of a federal court to structure litigation, including through Rule 21 severance where appropriate. Plaintiff urges the Court to reconsider its discretionary concerns and to postpone severance based on prospective concerns until those issues actually arise.

The Court writes first that joinder would result in a logistically unmanageable case because it would be difficult or impossible to accommodate all defendants and attorneys in a single courtroom. *Hard Drive Prods., Inc. v. Does 1–188*, No. C-11-01566, at 19. However, Plaintiff notes that the anticipated events, such as case management conferences and trial, cannot truly occur until Plaintiff has identified and named the actual Doe Defendants responsible for infringing its copyrighted video. This speculative concern therefore should not prevent the Court from allowing joinder at this preliminary identification stage of the litigation. The court can sever parties from a case because of misjoinder problems on its own accord at any time, and justice would be better served by waiting until the Court has a more complete understanding of the identities of all parties involved. *See* Fed. R. Civ. P. 21.

Second, the Court describes the "scores of mini-trials" that may be necessary to address "the unique defenses that are *likely* to be advanced by each individual Defendant." *Hard Drive Prods., Inc. v. Does 1–188*, No. C-11-01566, at 19 (emphasis added). While this may prove to be true, it does not follow that joinder at this stage of the litigation is inappropriate. Such defenses and individual circumstances are still prospective while the Doe Defendants remain anonymous, and "[p]rospective factual distinctions . . . will not defeat the commonality in facts and legal claims that support joinder under Rule 20(a)(2)(B) at this stage of the litigation." *First Time Videos*, 2011 WL

12
BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE　　　　CASE NO. 11-2536 JCS

3498227, at *10. "Any future named defendant will still be considered individually for any ruling on the merits . . . belying the notion that joinder will deny any defendant individual justice." *Id.* at *11. This Court should proceed along a similar path, allowing the essentially unitary problems in this action—including the identification of Doe Defendants—to be handled jointly, while also allowing each Doe Defendant to be heard individually after being named, when and *if* any actual factual distinctions actually arise. The Court should therefore deny Movant's motion for severance until Defendants have actually been identified and named; in doing so, the Court will promote fundamental fairness and judicial economy.

Finally, the Court describes a litany of horrors that may prejudice the putative Defendants, including serving one another with all pleadings and attending each other's depositions. *Hard Drive Prods., Inc. v. Does 1–188*, No. C-11-01566, at 19. This is again a prospective difficulty; the putative Defendants cannot logically attend a deposition until they have been identified and named. Plaintiff urges the Court to refrain from severance until any such problems actually appear in this action, at which time they may be dealt with by motion or through Rule 21 *sua sponte* severance. Plaintiff further notes that the Court's suggestion that the putative Defendants would not be able to e-file papers or pleadings is unlikely considering that all putative Defendants are sophisticated computer users with experience in accessing and utilizing the Internet. Utilization of the BitTorrent protocol requires a degree of computer sophistication at least as great as e-filing pleadings with the Court, and requires no greater financial burden than the cost of the Internet access which the putative defendants almost certainly already have.

The series of discretionary concerns which this Court raised in *Hard Drive Productions, Inc. v. Does 1–188* are similar in a single respect—they are prospective concerns which do not describe situations that have yet occurred, or are certain to occur, in this litigation. Rather, these discretionary concerns represent the "slippery slope" of consequences that could follow if the Doe Defendants in a BitTorrent-based Internet copyright infringement suit were allowed to remain joined in a single suit long after those Defendants had been identified and named. Plaintiff urges the Court to view its Rule 21 severance power as a solution to such problems that can be utilized when and if necessary—but

13
BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE          CASE NO. 11-2536 JCS

not before the actual Doe Defendants responsible for infringing Plaintiff's legal rights have been identified.

## CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court refrain from prematurely severing Doe Defendants from this case.

Respectfully Submitted,

Steele Hansmeier PLLC.

**DATED: September 30, 2011**

By:   /s/ Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Steele Hansmeier PLLC.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

14
BRIEF IN RESPONSE TO ORDER TO SHOW CAUSE                    CASE NO. 11-2536 JCS