**United States District Court**
For the Northern District of California

1

2

3                        UNITED STATES DISTRICT COURT

4                      NORTHERN DISTRICT OF CALIFORNIA

5   BOY RACER, INC.,                              Case No.  C-11-02536 JCS

6              Plaintiff,

7        v.                                       **ORDER SEVERING AND DISMISSING DOE DEFENDANTS 2-98**

8   DOES 1-98,

9              Defendants.
                                              /
10

11        In its previous Order, the Court denied Plaintiff's *Ex Parte* Application for Leave to Take

12   Expedited Discovery and issued an Order to Show Cause ("the Order to Show Cause") why the

13   Court should not sever all but Doe 1 from this action and dismiss without prejudice the claims

14   against Doe Defendants 2-98.  Plaintiff filed a response on September 30, 2011 ("Response").

15   Having considered the arguments raised by Plaintiff in its Response, the Court finds that joinder of

16   the Doe Defendants is improper under Rule 20(a) and unmanageable under Rule 20(b) of the Federal

17   Rules of Civil Procedure and therefore severs and dismisses without prejudice all claims asserted by

18   Plaintiff against Does 2-98. The **Show Cause Hearing** scheduled for **October 21, 2011 at 1:30 p.m.**

19   **is vacated**. The **Case Management Conference** scheduled for the same time shall **remain on**

20   **calendar**.

21        First, the majority of the arguments raised in Plaintiff's Response were addressed in the

22   Court's order in Case No. C-11-01566, Docket No. 26 ("the August 23 Order").  As the Court

23   explained in the Order to Show Cause, in that order it "concluded that Doe Defendants who are

24   joined in a single action on the basis that all of them used the BitTorrent protocol to illegally

25   download a  protected work are improperly joined, even if all of the Doe Defendants participated in

26   a single 'swarm.'" To the extent that some judges in this district have reasoned that joinder may be

27   proper where the plaintiff alleges that all of the Doe Defendants participated in the same "swarm,"

28   the undersigned disagrees for the reasons stated in the Court's August 23 Order.

**United States District Court**
For the Northern District of California

1    Second, the Court rejects Plaintiff's argument that joinder should be permitted, at least at this

2  early stage of the case, because a determination as to whether joinder is proper should not be made

3  until *after* the Doe Defendants have been identified, which requires discovery.  This argument was

4  not raised in Case No. 11-01566 and therefore was not addressed in the Court's August 23 Order.

5  As a preliminary matter, Plaintiff has not cited any authority in support of its contention that a court

6  should not address whether joinder is proper until the Doe Defendants have been identified.

7    More importantly, even if there are multiple IP addresses associated with a single individual,

8  as Plaintiff suggests may be the case, Plaintiff's allegations are not sufficient to show that the

9  remaining defendants – of whom there are still likely to be many – participated in a single

10  transaction that meets the requirements of Rule 20(a).  Nor does the potential reduction in the

11  number of defendants alleviate the Court's concerns under Rule 20(b) relating to the logistical

12  difficulties of conducting proceedings involving multiple defendants with diverse defenses.  Plaintiff

13  apparently had a good faith basis for naming 98 Does as defendants in this action, whether or not

14  multiple IP addresses may belong to a single individual.  Having named 98 Does as defendants, the

15  possibility that the number might be reduced somewhat after discovery does not persuade the Court

16  that joinder is proper under Rule 20(a) or advisable under Rule 20(b).

17    Finally, though Plaintiff represents that the Court can address joinder at a later stage of the

18  case, when more information about the Doe Defendants has been obtained, Plaintiff is unlikely to

19  reach that point because, as experience shows, the discovery that is required to identify the Doe

20  Defendants goes far beyond the expedited discovery to obtain subscriber information that has

21  already been requested.  As Plaintiff's counsel conceded in a similar case in this district, in order to

22  "fully identify" the Doe Defendants, Plaintiff would be required to inspect each subscriber's

23  "electronically stored information and tangible things, such as [the s]ubscriber's computer and the

24  computers of those sharing his Internet network, for the purpose of finding the individual that

25  unlawfully violated Plaintiff's copyrighted works by uploading/downloading the file referenced

26  BitTorrent." *See Boy Racer, Inc. v. Does 1-52*, Northern District of California, Case No. 11-2329,

27  Docket No. 17 (Order Denying Further Discovery) at 4.  In that case, Judge Grewal denied the

28  plaintiff's request for further discovery.  Similarly, it is highly unlikely that the undersigned would

1   permit such extensive and invasive discovery of non-parties to determine the identity of the Doe

2   Defendants.

3          Accordingly, the Court  severs and dismisses without prejudice all claims asserted by

4   Plaintiff against Does 2-98.

5          IT IS SO ORDERED.

6

7   Dated:  October 14, 2011

8

9   _____

10  JOSEPH C. SPERO
    United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

3